Earl F. and Gertrude Sever, Sr. v. Commissioner.
Sever v. Commissioner
Docket No. 43754.
United States Tax Court
T.C. Memo 1954-63; 1954 Tax Ct. Memo LEXIS 181; 13 T.C.M. (CCH) 532; T.C.M. (RIA) 541469; June 14, 1954, Filed *181 Upon the evidence, held, that no part of the deficiencies is due to fraud with intent to evade tax. Charles W. Slicer, Esq., 620 Gas & Electric Building, Dayton, Ohio, for the petitioners. C. R. Hembree, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax for the years 1944-1947, and fraud and delinquency penalties as follows: Year
Deficiency
Sec. 293(b)
Sec. 291(a)
1944
$12,168.21
$6,564.74
$3,282.37
1945
1,884.96
842.48
471.24
1946
11,675.12
5,837.56
2,918.78
1947
12,253.68
6,126.84
1,838.05
The only question for decision is whether any part of each deficiency is due to fraud with intent *182 to evade tax under section 293 (b) of the Code. Findings of Fact The issue presented relates to Earl F. Sever, Sr., only, and he is referred to hereinafter as the petitioner. Petitioner, during the taxable years, carried on a business of dealing in structural steel and steel scrap under the name of Piqua Steel Company, a sole proprietorship, in Piqua, Ohio, where petitioner resides, and has carried on such business since 1936. Petitioner's schooling ended at the fourth grade of elementary school. He does not know how to keep books of account. Petitioner did not file income tax returns for the four years 1944-1947, both inclusive. The collection district in which income tax returns should have been filed is the first collection district of Ohio. A certified public accountant timely prepared joint income tax returns for petitioner and his wife for each year 1944, 1945, 1946, and 1947 and gave them to petitioner. Petitioner signed each return and in each instance he put the return in a drawer in his desk and "saved them" until revenue agents might come in and ask for them.in May of 1948 revenue agents went to petitioner's office and he gave them the four signed returns. A deputy *183 collector of the Commissioner prepared and filed substitute joint returns for petitioners for each of the taxable years which were based upon the unfiled returns of the petitioners. Thereafter an audit was made by revenue agents of the books of Piqua Steel Company. Upon audit, minor adjustments were made in the amounts of taxable income for some of the taxable years; some part of claimed business expense deductions were disallowed. The petitioner accepted the adjustments. Upon audit of petitioner's books, the revenue agents did not find that the books and accounting records were improper or were inadequate for the purpose of properly reflecting taxable income. The agents did not find concealment of income or assets, nor fabrication of records, nor falsifications, nor failure to keep adequate accounting records. Petitioner has had three strokes of paralysis which impaired his ability to exercise correct judgment. He no longer operates the business of Piqua Steel Company. It is operated by his son. An information was filed against petitioner in the United States District Court for the Southern District of Ohio, at Dayton, Ohio, charging the petitioner with wilfully and knowingly *184 failing to make income tax returns for 1946 and 1947, as he was required to do by law, in violation of section 145(a), Internal Revenue Code. Upon his plea of "Guilty", petitioner was convicted upon two counts and found guilty of a misdemeanor. Fines were imposed, $1,000 on each count, a total fine of $2,000, and petitioner was sentenced to one year in prison on each count, the prison sentences to run concurrently. The sentences were suspended and petitioner was placed on probation for two years. Petitioner's failure, in each instance, to file an income tax return for 1944, 1945, 1946, and 1947 was due to wilful neglect and was not due to reasonable cause. No part of the deficiencies is due to fraud with intent to evade tax. Opinion The petitioner admits that there are deficiencies in tax for the taxable years and that his failure to file returns was due to wilful neglect. The only question to be decided is whether, under section 293(b), any part of each deficiency is due to fraud with intent to evade tax. Under this issue the respondent has the burden of proving fraud by clear and convincing evidence. The respondent has failed to meet his burden of proof. *185 There is no clear and convincing evidence that petitioner's failure to file returns, in each instance, was due to fraud with intent to evade tax. We are satisfied that his omissions were due largely to illness. Nevertheless, the omissions were wilful. The respondent admits that petitioner's books were kept so as to clearly reflect the income of his business and that there were no falsifications, deceptions, nor concealments. The deficiencies are almost entirely the amounts of tax reported on the unfiled returns; only minor adjustments were made by the Commissioner. Under all of the circumstances, we cannot find that a part of each deficiency was due to fraud. Decision will be entered for the respondent as to the deficiencies and delinquency penalties.